UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Adam Steele,

Plaintiff,

v.

The City of Bemidji, Minnesota, et al.,

Defendants.

---

File No. 19-cv-1620 (JNE/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff Adam Steele's (hereinafter "Plaintiff") Motion for a Temporary Restraining Order, [Docket No. 2], and upon referral from the Honorable Joan N. Ericksen. (Order of Reference [Docket No. 5]). Finding a hearing on Plaintiff's Motion unnecessary, the undersigned issues the present Report and Recommendation.

For the reasons discussed herein, the Court recommends that Plaintiff's Motion for Temporary Restraining Order, [Docket No. 2], be **DENIED**.

## I. Background

Plaintiff initiated the present action on June 20, 2019, by filing his Complaint. [Docket No. 1]. Plaintiff named as Defendants, The City of Bemidji, Minnesota, and "Other Unnamed Persons and Entities" (hereinafter collectively "Defendants").

In his Complaint, Plaintiff alleges that on January 7, 2019, the Bemidji City Council passed a resolution that provided for the following modifications to be made to the approximately 1,595 foot length of Gemmell Avenue located in Bemidji, Minnesota : (1) replacement of a "trunk" sewer pipe; (b) "complete reconstruction" of the street following installation of the new sewer pipe; (c)

replacement of curbs, gutters, and driveway aprons along the entirety of Gemmell Avenue; (d) closing, or impeding access/egress to and from Gemmell Avenue; (e) narrowing the present 30 to 35 foot width of Gemmell Avenue; (f) replacing a section of water main; and (g) following said construction and street narrowing, imposing year-round calendar parking for the entirety of Gemmell Avenue. (Compl., [Docket No. 1], at 3). The City of Bemidji was scheduled to begin the planned improvements to Gemmell Avenue on June 6, 2019. (Steele Aff. [Docket No. 3]).

Furthermore, according to the Complaint, in order to pay for the foregoing work, the City of Bemidji will assess property owners whose property abuts Gemmell Avenue at the rate of approximately $38 per lineal foot of frontage. (Id. at 4). According to Plaintiff, this will result in him having to pay approximately $2,660 for his 70 feet of frontage along Gemmell Avenue. (Id.).

Contemporaneously with his Complaint, Plaintiff filed the present Motion. (See, Plf.'s Mot. [Docket No. 2]). In his Motion, Plaintiff moves this Court to prevent Defendants from:

1) Damaging or destroying any of the present curbs, gutters, and driveway aprons on Gemmell Ave., Bemidji, MN, except i) where said structures are substantially in need of repair to be safely functional; or ii) where replacement of said structures has been requested by the owner of the property to which said structures are attached or abut, at the expense of said owner;

2) Taking any action to permanently narrow the portion of said Gemmell Ave. that was, as of June 1st, 2019, available for vehicular traffic and parking, including but not limited to, damaging or destroying, or moving or removing, except temporarily so to allow for other work; the present (as of June 1, 2019) street structures, fixtures and features, such as lights, boulevards, sidewalks, etc. which are presently placed in accordance with, and to facility and accommodate, the present street width;

3) Taking any action to permanently block, close, or impede vehicular access and egress to and from said Gemmell Ave. from its South (cul-de-sac) end.

(Plf.'s Mot., [Docket No. 2], at 1) (errors in original).

Based on these assertions Plaintiff alleges that Defendants conduct is an unconstitutional taking in violation of the Fifth Amendment of the United States Constitution as extended to the states pursuant to the Fourteenth Amendment.

**II. Plaintiff's Motion for Temporary Restraining Order. [Docket No. 2].**

Plaintiff seeks a temporary restraining order to prevent Defendants from continuing to implement their modifications of Gemmell Avenue and thereafter assessing Plaintiff a fee in order to fund the modifications of Gemmell Avenue.

**A. Standard of Review**

When considering a motion for a temporary restraining order or preliminary injunction, the Court considers four factors: (1) the probability that the moving party will succeed on the merits; (2) the threat of irreparable harm to the moving party; (3) the balance of harms as between the parties; and (4) the public interest. S.J.W. ex rel Wilson v. Lee's Summit R7 Sch. Dist., 696 F.3d 771, 776 (8th Cir. 2012) (citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981)); Tom T., Inc. v. City of Eveleth, No. 03-cv-1197 (MJD/RLE), 2003 WL 1610779, at *3 (D. Minn. Mar. 11, 2003); See also, Watts v. Fed. Home Loan Mortgage Corp., No. 12-cv-692 (SRN/JSM), 2012 WL 1901304, at *3 n.3 (D. Minn. May 25 2012) ("Courts in the Eighth Circuit apply the same standards to a request for a preliminary injunction and temporary restraining order.") (citing S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project, 877 F.2d 707, 708 (8th Cir. 1989); Jackson v. Nat'l Football League, 802 F. Supp. 266, 229 (D. Minn. 1992)); Callerons v. FSI Int'l, Inc., No. 12-cv-2120, 2012 WL 4097832, at *2 (D. Minn. Sept. 18, 2012) (explaining

that these factors apply to both preliminary injunctions and temporary restraining orders). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. Injunctive relief is extraordinary relief, and the burden of establishing the propriety of an injunction is on the movant. Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003); See, Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 705 (8th Cir. 2011). A temporary restraining order or preliminary injunction cannot issue if the movant fails to demonstrate a likelihood of success on the merits. See, Beeks v. CitiMortgage, Inc., No. 14-cv-4603 (MJD/HB), 2014 WL 5704205, at *5 (D. Minn. Nov. 5, 2014); Wickner v. Larson, No. 9-cv-940 (DWF/JJK), 2010 WL 98940, at *3 (D. Minn. Jan. 11, 2010) (quoting Mid-Am. Real Estate Co. v. Iowa Realty Co., 406 F.3d 969, 972 (8th Cir. 2005)).

While the Court is required to construe the content within Plaintiff pleadings liberally as he is proceeding pro se, Plaintiff is nevertheless bound by applicable procedural and substantive law. See, Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988).

**B. Analysis**

On the first factor of whether or not to issue a temporary restraining order, the Court in Dataphase "rejected the notion that the party seeking relief must show 'a greater than fifty percent likelihood that he will prevail on the merits,' holding instead that 'where the balance of other factors tips decidedly toward plaintiff a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation." Planned Parenthood Minn. N.D., S.D. v. Rounds, 530 F.3d 724, 731 (8th Cir. 2008) (citing Dataphase, 640 F.2d at 113). Thus, the Eighth Circuit has instructed district courts considering this factor to query whether

the moving party has a "fair chance of prevailing." Id. at 732. Accordingly, the Court will consider Plaintiff's asserted cause of action to determine whether or not he has demonstrated a "fair chance of prevailing."[1]

**i. Unconstitutional Taking Under the Fifth Amendment**

Plaintiff contends that Defendants' assessment to pay for the paved road by assessing property owners on Gemmell Avenue at the rate of $38 per lineal foot of frontage, and the subsequent construction on the road violates the takings clause of the Fifth Amendment. (Compl., [Docket No. 1], at 2–4). Plaintiff argues that he will receive no benefit from the planned the paving and narrowing of Gemmell Avenue. (Id. at 4–7).

The Takings Clause provides that "private property [shall not] be taken for public use without just compensation." U.S. Const., Amend. V. This prohibition is applicable to the conduct of the states and their municipal subdivisions through the Fourteenth Amendment. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 160 (1980).

Courts have recognized so-called "regulatory takings" under the Takings Clause of the Fifth Amendment. A regulatory taking occurs when "government regulation of private property

[1] Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint does not need detailed factual allegations, plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but in contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–67). Court's must draw all reasonable inferences in the plaintiff's favor, but Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (citations omitted); See, Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 664. Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

[is] . . . so onerous that its effect is tantamount to a direct appropriation or ouster." Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537 (2005) (quoting Pa. Coal Co. v. Mahon, 260 U.S. 393, 415 (1922) (Holmes, J.)). However, courts have consistently held that an assessment by a legislative body does not constitute a Fifth Amendment taking where the property owner assessed receives a benefit to his property. See, City of Marshfield v. Brown, 88 S.W.2d 339, 340 (1935) (holding an assessment "is not an actual taking of or damage to [ ] property")

In Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1329 (Fed. Cir. 2001) (en banc), for example, legislation was properly passed requiring the plaintiff to pay into a fund designed to clean up waste sites that the plaintiff had benefitted from. The plaintiff argued that, even though it benefitted from the waste sites, requiring it to pay money was an unconstitutional taking in violation of the Fifth Amendment. Id. The Court there disagreed, however, and held that the costs "[do] not constitute a Fifth Amendment taking because the Takings Clause does not apply to legislation requiring the payment of money." Id. at 1330. See also, Myles Salt Co. v. Bd. of Comm'rs, 239 U.S. 478, 485 (1916) (holding that only if a special assessment is "formed to include property which is not and cannot be benefitted directly or indirectly . . . there is an abuse of power and an act of confiscation").

Construing Plaintiff Steele's Complaint in his favor, the Court finds that it is unlikely that he will be successful on his takings claim. Based on Plaintiff's Complaint, the City of Bemidji, a political subdivision legislative body, passed legislation to improve Gemmell Avenue, which includes replacing sewer and water lines and resurfacing the street. In order to pay for the modifications of Gemmell Avenue, the City of Bemidji elected to assess landowners whose property abuts Gemmell Avenue approximately $38 per foot of land that abuts Gemmell Avenue. As previously explained, courts have consistently held that assessing property owners to fund

modifications where the property owner's property receives a benefit do not constitute a taking under the Fifth Amendment.

Thus, while the Court is not ruling on the merits of Plaintiff's Complaint, the Court finds that Plaintiff has failed to show that he is likely to be successful on the merits of his takings claim.[2]

Furthermore, even if the modifications to Gemmell Avenue by the City of Bemidji constituted a taking under the Fifth Amendment, Plaintiff has not shown that he would suffer irreparable harm because his available relief, if any, would be an award of monetary damages.

To obtain preliminary injunctive relief, a plaintiff must establish the threat of irreparable harm. See, Dataphase, 640 F.2d at 114. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009). It is well-established that where a party will only suffer potential monetary loss, and money damages are calculable, there is an adequate remedy at law and no irreparable harm exists. See, Packard Elevator v. I.C.C., 782 F.2d 112, 115 (8th Cir. 1986) ("[E]conomic loss does not, in and of itself, constitute irreparable harm"); Disc & Tape, Inc., 2012 WL 591668, at *6; Allied Sales Drivers & Warehousemen, Local No. 289 v. Sara Lee Baker Grp., No. 10-cv-4975 (MJD/LIB), 2011 WL 31733, at *4 (D. Minn. Jan. 5, 2011); Benefit Resource, Inc. v. Apprize Tech. Solutions, Inc., No. 07-cv-4199 (JNE/FLN), 2008 WL 2080977, at *11 (D. Minn. May 15, 2008) ("[H]arm is not irreparable if money damages are adequate compensation"); Jayaraj v. Scappini, 66 F.3d 36, 39

[2] The Court notes that, in his Complaint, Plaintiff argues that he will personally receive no benefit from the scheduled improvements to Gemmell Avenue. For example, Plaintiff states that Gemmell Avenue "has the usual tarred cracks and potholes found on many city streets, none of which are substantial enough to materially impede traffic . . . ." (Compl., [Docket No. 1], at 6). Despite Plaintiff's contention, on its face, resurfacing Gemmell Avenue to remove potholes is a benefit to Plaintiff. Additionally, on its face, the addition of new water and sewer lines on Gemmell Avenue will benefit the property in this area. Furthermore, for these improvements to occur, the street rebuild is necessary. Thus, Plaintiff's contention that he will receive no benefit from the improvements of Gemmell Avenue do not appear to be supported by the limited record presently before this Court.

(2d Cir. 1995) ("Irreparable harm 'means injury for which a monetary award cannot be adequate compensation.'" (quoting Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)); Wisconsin Cent. Ltd. v. Pub. Serv. Comm'n of Wisconsin, 95 F.3d 1359, 1369 (7th Cir. 1996) (finding that where a taking has occurred a "state is required to pay just compensation when it exercises its power of eminent domain . . . [and] this just compensation will take the form of money to compensate a property owner for a physical invasion.").

Based on the present record now before the Court, Plaintiff has failed to show that he will suffer any irreparable harm from the implementation of the improvements on Gemmell Avenue. Specifically, Plaintiff has failed to allege that the implementation of the improvements on Gemmell Avenue would in any way take from him any of his real property. Furthermore, based on his Complaint, Plaintiff appears to primarily be seeking to prevent the planned construction so that he can avoid paying the future assessments.[3] Here, the assessment from the City of Bemidji is easily calculable (in fact, Plaintiff already calculated the amount of money in his Complaint), and Plaintiff has not alleged any other potential irreparable harm from the improvements to Gemmell Avenue.[4]

Therefore, the Court finds that, even if Plaintiff was likely to be successful on the merits of his takings claim, Plaintiff has not met his burden of demonstrating a threat of immediate irreparable harm, and that, on the record now before the Court, this factor weighs heavily in favor of denying Plaintiff's motion for a preliminary injunction. See, Watkins, 346 F.3d at 844 ("failure to demonstrate irreparable harm is a sufficient ground to deny a preliminary injunction').

---

[3] This is further evidenced by Plaintiff's affidavit, in which he states that the construction began on around June 6, 2019, two weeks before he filed the present motion. Thus, based on the present record, it appears that Plaintiff is not actually seeking to stop the construction, but rather, he just wants to avoid paying the eventual assessment.

[4] The Court also notes that Plaintiff has not alleged that he has already had to pay the assessment. If he is successful in the present action before the assessment, or any installment payments thereon, comes due, then Plaintiff will have sustained no injury. If the assessment comes due before this case is concluded, and if Plaintiff is successful, then money damages or reimbursement will be an adequate remedy.

Accordingly, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order, [Docket No. 2], be denied.

**III. Objection Period**

The undersigned notes that one last issue warrants discussion—the time in which Plaintiff is permitted to object to the present Report and Recommendation, if he so chooses.

This Report and Recommendation is not an Order or judgment of the District Court, and it is, therefore, not appealable directly to the Eighth Circuit Court of Appeals. Instead, Local Rule 72.2(b)(1) provides that "[a] party may file and serve specific written objections to a magistrate judge's" Report and Recommendation, such as the present Report and Recommendation "within 14 days after being served with a copy of the" Report and Recommendation, "unless the court sets a different deadline." LR 72.2(b)(1).

Thus, under normal circumstances Plaintiff would be permitted fourteen (14) days in which to file his objections to the present Report and Recommendation, if he choose to object. See, Id. In the present case, however, the conduct which Plaintiff seeks to enjoin—the construction on Gemmell Avenue—has potentially already began. (Steele Aff. [Docket No. 3]).

Therefore, in the interest of fairness to all parties, the Court, in its inherent power to do so, will shorten the time in which Plaintiff is permitted to object to the present Report and Recommendation.

If Plaintiff chooses to file an objection to the present Report and Recommendation, he must do so as soon as practicable and in no event later than July 5, 2019.

## IV. Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Temporary Restraining Order, [Docket No. 2], be **DENIED**.

Dated: June 26, 2019

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge