UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Adam Steele,

        Plaintiff,

v.                                          Case No. 19-cv-1620 (JNE/LIB)
                                          ORDER

The City of Bemidji, Minnesota, a municipal
corporation; and other unnamed persons and
entities,

        Defendants.

Adam Steele brought this action against the City of Bemidji, Minnesota, under 42 U.S.C. § 1983, claiming that the City took his property for public use in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. He moved for a temporary restraining order.[1] In a Report and Recommendation dated June 26, 2019, the Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the motion be denied because Steele failed to show either a likelihood of success on the merits or a threat of irreparable harm. Recognizing the conduct that Steele sought to restrain may have already commenced, the magistrate judge reduced the period for Steele to file objections to the Report and Recommendation.

Steele moved to extend the deadline to file objections. The Court grants his motion to extend the deadline to file objections.

---

[1] The City recently appeared in this action. It is unclear whether Steele notified the City of his motion for a temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1).

Steele objected to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Based on that review, the Court accepts the recommendation to deny Steele's motion for a temporary restraining order. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2176 (2019) ("[B]ecause the federal and nearly all state governments provide just compensation remedies to property owners who have suffered a taking, equitable relief is generally unavailable. As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking."); *id.* at 2177 ("Given the availability of post-taking compensation, barring the government from acting will ordinarily not be appropriate."); *id.* at 2179 ("Governments need not fear that our holding will lead federal courts to invalidate their regulations as unconstitutional. As long as just compensation remedies are available—as they have been for nearly 150 years—injunctive relief will be foreclosed.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   Steele's motion for a temporary restraining order [Docket No. 2] is DENIED.

2.   Steele's motion to extend the deadline to object to the Report and Recommendation [Docket No. 9] is GRANTED.

Dated:  July 12, 2019

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge